**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco Javier LIZARRAGA–**
**ESPINOZA, Defendant–**
**Appellant.**

**No. 13–50257.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2014.

Filed July 22, 2014.

Bruce R. Castetter, Assistant U.S., Emily Keifer, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Robert Evans Boyce, Boyce & Schaefer, San Diego, CA, for Defendant–Appellant.

Before: REINHARDT, FISHER, and MURGUIA, Circuit Judges.

MEMORANDUM *

Defendant-appellant Francisco Javier Lizarraga–Espinoza appeals his conviction after a jury trial under 8 U.S.C. § 1326(a) and (b) for illegal reentry after removal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lizarraga–Espinoza contends that ·his two removal orders—one from 1998 and one from 2000—re invalid and thus cannot serve as the basis for prosecution under 8 U.S.C. § 1326. In order to collaterally attack a predicate removal order, a defendant must demonstrate, among other things, that the removal order was "fundamentally unfair." 8 U.S.C. § 1326(d); *see also United States v. Pallares–Galan,* 359 F.3d 1088, 1095 (9th Cir.2004). For a removal order to be "fundamentally unfair," the removal proceedings must have violated the defendant's due process rights in a manner that caused prejudice—meaning that absent the due process violation some relief from removal would have been plausible. *United States v. Barajas–Alvarado,* 655 F.3d 1077, 1089 (9th Cir.2011); *United States v. Garcia–Martinez,* 228 F.3d 956, 959–60 (9th ·Cir.2000).

We assume without deciding that Lizarraga–Espinoza's 1998 removal order was invalid and ˙cannot serve as the predicate removal order for his conviction. However, we conclude that the 2000 removal order is a valid predicate for his conviction. In 2000, Lizarraga–Espinoza sought admission into the United States without valid documentation and by falsely claiming citizenship. An immigration officer ordered him removed after an expedited re-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

moval proceeding. *See* 8 U.S.C. § 1225. Lizarraga–Espinoza now contends that he should have been treated as a lawful permanent resident (LPR) in 2000 and thus should not have been subjected to an expedited removal proceeding. *See* 8 C.F.R. § 235.3(b)(5)(ii). He further contends that such an error—having an expedited removal proceeding instead of a formal hearing before an immigration judge—causes prejudice *per se.*

First, Lizarraga–Espinoza offers no authority for the contention that a defendant improperly denied a formal immigration hearing need not show prejudice, and we have consistently required a showing of actual prejudice. *See Garcia–Martinez,* 228 F.3d at 964. Second, Lizarraga–Espinoza can show no prejudice from the entry of the removal order in 2000; regardless of the nature of the proceedings afforded him, he had no plausible form of relief from that removal order. He had been convicted in 1996 of a crime of violence and had been given a suspended sentence of three years in jail. Thus, by 2000, Lizarraga–Espinoza was an aggravated felon. *See* 8 U.S.C. § 1101(a)(43)(F). As an aggravated felon, Lizarraga–Espinoza was ineligible for relief from removal even if he had been treated as an LPR and placed in formal removal proceedings. *See, e.g., United States v. Sandoval–Orellana,* 714 F.3d 1174, 1181 (9th Cir.2013) (holding that the district court correctly denied a motion to dismiss a § 1326 indictment where the defendant "was ineligible for discretionary relief as an aggravated felon"); *see also* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."). Because he cannot show that relief was plausible in 2000, Lizarraga–Espinoza cannot demonstrate that his 2000 removal order was fundamentally un-

fair. His challenge to his 8 U.S.C. § 1326 conviction thus fails.

**AFFIRMED.**